

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

FILED

2006 MAR -2 P 2: 03

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK

D. B.*, a minor, by and through his parent
and guardian, SHARON BROGDON;
R. W.* and C. W.*, minors, by and
through their parent and guardian,
ROGER WHITE

    Plaintiffs,

v.

STEVE LAFON, in his individual and official
capacity as Principal of William Blount High
School; ALVIN HORD in his official capacity
as Director of Schools; and THE BLOUNT
COUNTY SCHOOLBOARD

    Defendants

CIVIL ACTION NO:

3:06-cv-75
Jordan/Shirley

Brogdon et al v. Lafon et al      Doc. 1

## COMPLAINT

### Introduction

This is a Complaint seeking remedies for violation of the Plaintiffs' First Amendment rights. Defendants, contrary to law and pursuant to facially unconstitutional policies, disciplined Plaintiffs based on the content of their expressive behavior when Plaintiffs attempted to express their pride in their southern heritage by wearing various clothing bearing images of the Confederate (rebel) flag. Plaintiffs seek damages, declaratory judgment and temporary and permanent injunctive relief to redress Defendants' violation of their rights under the First and Fourteenth Amendments of the United States Constitution.

---

* A reference list containing full names of minor plaintiffs has been filed under seal with the Court pursuant to local rule 7.3.

## Jurisdiction and Venue

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Remedies are provided by 42 U.S.C. § 1983.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that form the basis for this Complaint primarily occurred in this district.

## Parties

3. Plaintiff D.B. is a student at William Blount High School in Maryville, Tennessee, which is in Blount County. He is a minor who resides with his natural mother and guardian, Sharon Brogdon, in Blount County, Tennessee.

4. Plaintiff Sharon Brogdon is D.B.'s parent and guardian, and at all times relevant to this complaint was an adult resident of the County of Blount, Tennessee.

5. Plaintiff C.W. is a student at William Blount High School in Maryville, Tennessee, which is in Blount County. She is a minor who resides with her natural father and guardian, Roger White, in Blount County, Tennessee.

6. Plaintiff R.W. is a student at William Blount High School in Maryville, Tennessee, which is in Blount County. He is a minor who resides with his natural father and guardian, Roger White, in Maryville, Tennessee.

7. Plaintiff Rodger White is C.W.'s and R.W.'s parent and guardian, and at all times relevant to this complaint was an adult resident of the County of Blount, Tennessee.

8. Defendant Steve Lafon (hereinafter "the principal") is the principal of William Blount High School and is responsible for overseeing its operations. Under the Board of Education's "Dress Code" guidelines Mr. Lafon has the authority to determine when a student is "attired in a manner that is likely to cause disruption" and what may be punished.

9. Defendant Alvin Hord is the Director of Schools for Blount County.

10. Defendant Blount County School Board (hereinafter "the Board") is a political subdivision of the State of Tennessee, as established and governed by TCA Title 49 et seq.

**Facts**

11. On or about May 30, 2005, Plaintiffs and other students at William Blount High School were informed by teachers and administrators at the school that students were no longer allowed to wear any clothing that displayed any depiction of the Confederate battle flag. Further, the students were informed that any depiction of the Confederate battle flag, whether on cars, handbags, or clothes in the possession of students at the school would result in suspension. This policy was reiterated to students at the beginning of the 2005-2006 school year.

12. Prior to the prohibition on "items displaying the Rebel flag", instituted at the end of the 2004-2005 school year, students wore items displaying the flag at William Blount High School without incident. Several other schools in the district do not ban the Confederate flag.

13. On or about September 1, 2005, to express pride in his southern heritage, Plaintiff D.B. wore a T-shirt to school bearing a small image of the Confederate flag, a picture of two dogs, and the words "Guarding our Southern Heritage" on the back. Plaintiff D.B. was confronted by Defendant Lafon. Although there had been no disruption whatsoever, Plaintiff was informed that items displaying the Confederate flag were banned at William Blount High School. Defendant Lafon informed Plaintiff D.B. that he had to turn the shirt inside out or take it off. Lafon informed D.B. that if he refused to remove the shirt he would be suspended from school.

14. On or about January 13, 2006, Plaintiff C.W. wore a shirt with an image of the Confederate flag to school. She was told by a teacher that the shirt violated school policy because of the image of the flag. C.W. was told that she had to cover the shirt with a jacket for the rest of the day or return home and be suspended.

15. William Blount High School permits students to wear clothing bearing other expressions of their viewpoints including items containing words and/or images referring to Malcolm X, foreign national flags, candidates for political office, and other expressions of political or controversial significance.

16. There have been no disruptions of the learning environment at William Blount High School caused by Plaintiff's or other students' wearing or displaying items bearing the Confederate flag.

17. On February 10, 2006 Plaintiffs' counsel sent a letter to the principal, with copies to the other defendants, objecting to the ban on the flag as viewpoint based discrimination in violation of Plaintiffs' First Amendment rights, as violating Plaintiffs' rights to due process, equal protection, and religious freedom. Through counsel, plaintiffs asked, among other requests, that William Blount High School review and correct any disciplinary actions against students for wearing shirts bearing images of the flag and revise its policies to ensure that students' free speech rights are protected.

18. As of the date of filing this complaint, defendants have failed to respond to Plaintiffs' requests.

## FIRST CAUSE OF ACTION

### (Violation of Freedom of Speech)

19. The actions of the Defendants, as set forth in paragraphs 1-18 above, which are fully incorporated herein, entitle the Plaintiffs to a remedy under 42 U.S.C. § 1983 because the Defendants have, under color of state law, subjected Plaintiffs to deprivations of their rights under the First Amendment to the United States Constitution.

20. As a direct result of Defendant's actions, Plaintiffs have suffered direct and immediate violations of their constitutional rights and are therefore entitled to

injunctive and declaratory relief, damages and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of their rights and the rights of others.

## SECOND CAUSE OF ACTION

### (14th Amendment Equal Protection)

21. The actions of the Defendants, as set forth in paragraphs 1-18 above, which are fully incorporated herein, entitle the Plaintiffs to a remedy under 42 U.S.C. § 1983 because the Defendants have, under color of state law, violated Plaintiffs clearly established equal protection rights guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment, in that Defendants have censored Plaintiffs' speech while allowing other students to express various messages on their clothing at William Blount High School, thereby treating Plaintiffs differently from other similarly situated students based solely on the content and viewpoint of Plaintiffs' message.

22. As a direct result of Defendant's actions, Plaintiffs have suffered direct and immediate violations of their constitutional rights and are therefore entitled to injunctive and declaratory relief, damages and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of their rights and the rights of others.

## THIRD CAUSE OF ACTION

## (14th Amendment Due Process)

23. The actions of the Defendants, as set forth in paragraphs 1-18 above, which are fully incorporated herein, entitle the Plaintiffs to a remedy under 42 U.S.C. § 1983 because the Defendants have, under color of state law, violated Plaintiffs clearly established rights to due process guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions, in that Defendants' policies are vague, overbroad, and lack sufficient standards and safeguards to curtail the discretion of school officials, thereby allowing Defendants unbridled discretion to enforce said policies in an ad hoc and discriminatory manner.

24. As a direct result of Defendant's actions, Plaintiffs have suffered direct and immediate violations of their constitutional rights and are therefore entitled to injunctive and declaratory relief, damages and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of their rights and the rights of others.

## Prayer and Relief

WHEREFORE, Plaintiffs respectfully ask for judgment in their favor and against Defendants, including temporary and permanent injunctive relief; a declaration that the actions of Defendants, as described herein, were and are unconstitutional, illegal, and

void, and that the same were in contravention of Plaintiffs' constitutional rights; damages according to proof; and expungement of any references to any disciplinary action in the Plaintiffs' records relating to their wearing items bearing the flag, or otherwise displaying confederate symbols. Plaintiffs further asks for judgment that Defendants reimburse Plaintiffs for their reasonable attorneys' fees, expenses, and costs associated with the maintenance of this action, pursuant to 42 U.S.C. § 1988, and all such further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 2, 2006

Van R. Irion BPR# 024519
2327 Laurel Lake Road
Knoxville, TN 37932
(865) 670-1105 telephone & facsimile
Attorney for Plaintiffs

Of Counsel

Kirk D. Lyons
Federal Admission No. 8472
Southern Legal resource Center, Inc.
2 Arosa Court
P.O.Box 1235
Black Mountain, NC 28711
(828) 669-5189 telephone
(828) 669-5191 facsimile