UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| D.B., a minor, by and through his parent and guardian, SHARON BROGDON, and SHANA MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:06-CV-75 (VARLAN/SHIRLEY) |
| STEVE LAFON, in his individual and official capacities; MARK WILLIAMSON, in his individual and official capacities, and BLOUNT COUNTY SCHOOL BOARD, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

This civil action is before the Court on six motions: (1) defendant Steve Lafon's Motion to Strike [Doc. 13]; (2) defendant Steve Lafon's Motion for Protective Order With Citations [Doc. 18]; (3) plaintiffs' Motion for Extension of Time [Doc. 55]; (4) plaintiffs' Motion to Reconsider the Denial of Plaintiffs' Motion for Preliminary Injunction [Doc. 58]; (5) defendants' Motion to Toll Defendants' Time to Response to Plaintiffs' Motion for Summary Judgment [Doc. 61]; and (6) defendants' Motion to Amend Scheduling Order [Doc. 65]. The Court has carefully considered the pending motions in light of the briefs filed in support of and opposition to the pending motions [Docs. 14, 19, 20, 22, 60, 62] and the applicable law. The Court will address the disposition of each motion in turn.

## I. Analysis

### A. Motion to Strike [Doc. 13]

Defendant Lafon requests, pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7.1, that the Court strike from the complaint the individual defendants named in their official capacities. In support of this motion, defendant Lafon argues that the individual defendants sued in their official capacities are redundant, unnecessary parties who should be dismissed on account of the Blount County School Board also being a defendant in this action. [Doc. 14 at 2.] In response [Doc.19], plaintiffs argue that neither the facts of this case nor the controlling law support dismissal of the individual defendants in their official capacity through a motion to strike, [Doc. 19 at 3], and further contend that the inclusion of these defendants is not redundant [*Id.* at 4-5].

Fed. R. Civ. P. 12(f) provides that upon motion of a party, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well-settled that motions to strike are disfavored and should be denied unless "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE § 1382 at p. 436 (3d ed. 2004). *See F.D.I.C. v. Berry*, 659 F. Supp. 1475, 1479 (E.D. Tenn. 1987); *McKinnie v. Lundell Mfg. Co.*, 825 F. Supp. 834, 835 (W.D. Tenn. 1993). Striking a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice" and it "should be sparingly used by the

2

courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Thus, mindful of these principles, the Court must proceed cautiously in reviewing a motion to strike.

With these well-settled principles in mind, the Court has carefully considered defendant Lafon's position and notes that he has not made a showing that the continued presence of the individual defendants in their officials in this case would result in prejudice to him or to those defendants or would confuse the issues in the case. Accordingly, the Court is reluctant to disturb the pleadings in this case and defendant Lafon's Motion to Strike [Doc. 13] is **DENIED**.

    B.    <u>Motion for Protective Order</u> [Doc. 18]

Defendant Lafon requests, pursuant to Federal Rule of Civil Procedure 26, a protective order preventing any oral or written discovery or hearings from taking place in this case until after entering a ruling on his Motion for Summary Judgment [Doc. 16]. Plaintiff has responded in opposition to the pending motion [Doc. 20], arguing that defendant Lafon's motion goes beyond the scope of Rule 26(c) in that it attempts to stay "all proceedings in the case, whether related to discovery or not." [Doc. 20 at 4.]

Federal Rule of Civil Procedure 26(c) provides that "[u]pon motion by a party or by a person from whom discovery is sought,...and for good cause shown, the court...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." FED. R. CIV. P. 26(c); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 721-22 (6th Cir. 1996). The burden is on the party seeking relief to show that good cause exists for the issuance of such an order and this burden can only be met

3

through a specific demonstration of fact supporting the request for the protective order, as opposed to stereotyped or conclusory statements. *United States v. Exxon Corp.*, 94 F.D.R. 250, 251 (D.D.C. 1981); WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2035.

Here, defendant Lafon grounds his request for a protective order in his contention that his alleged entitlement to the defense of qualified immunity must be ruled upon before he is subject to discovery requests in this case. [Doc. 18 at 3-4; Doc. 22 at ¶ 3.] However, not only is defendant Lafon not shielded from engaging in discovery simply by virtue of claiming the defense of qualified immunity, his claim thereto is the type of conclusory statement which does not manifest good cause for a protective order. Accordingly, defendant Lafon's Motion for Protective Order [Doc. 18] is **DENIED.**

   C.   Motion for Extension of Time [Doc. 55]

Plaintiffs request, pursuant to Federal Rule of Civil Procedure 6(b), an order granting them an extension of time in which to file a motion for summary judgment. As grounds for this extension, plaintiffs state that they were less than one week late in filing their motion for summary judgment on account of being "surprised to find a deadline for entry of a motion for summary judgment prior to the close of discovery." [Doc. 55 at 2.] Defendants have filed a response [Doc. 60] in opposition to the pending motion and argue that plaintiffs' apparent misreading of the deadlines in the scheduling order entered in this case does not constitute the kind of excusable neglect which would allow the Court to grant their motion for an extension of time. [Doc. 60 at 2.]

Federal Rule of Civil Procedure 6(b) provides that a motion for enlargement of time may be granted, within a court's discretion, "where the failure to act was the result of excusable neglect." FED. R. CIV. P. 6(b). The burden of showing that such failure to act was the result of excusable neglect is on the party requesting the extension. *Id.* Under Sixth Circuit case law, such neglect exists "where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). The Supreme Court has noted that while mere inadvertence does not usually constitute excusable neglect for the purposes of Rule 6(b), the term is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Thus, whether neglect is excusable is an equitable determination based on consideration of all relevant circumstances surrounding the party's omission, including the reason for the delay as well as the length of the delay and its impact on judicial proceedings. *Turner*, 412 F.3d at 650.

While defendants' arguments as to the timeliness of plaintiffs' motion for summary judgment are well-taken, out of an abundance of caution and due to the discretion afforded to district courts under Rule 6(b), the Court **GRANTS** plaintiffs' Motion for Extension of Time [Doc. 55]. Accordingly, plaintiffs will be granted an extension of time such that their Motion for Summary Judgment [Doc. 56], filed on February 9, 2007, is timely and therefore will be considered by the Court prior to the trial in this case.

D. Motion to Reconsider [Doc. 58]

In view of the opinion entered by the Sixth Circuit Court of Appeals affirming this Court's denial of plaintiffs' motion for preliminary injunction [Doc. 64], plaintiffs' Motion to Reconsider Denial of Plaintiffs' Motion for Preliminary Injunction [Doc. 58] is **DENIED as moot.**

E. Motion to Toll [Doc. 61]

In light of the Court's grant of plaintiff's motion for extension of time in which to file their motion for summary judgment, defendants' Motion to Toll Defendants' Time to Respond to Plaintiffs' Motion for Summary Judgment [Doc. 61] is also **GRANTED** to the extent that defendants shall have twenty (20) days from the entry of this order in which to file a response to plaintiff's motion for summary judgment.

F. Motion to Amend Scheduling Order [Doc. 65]

Defendants request, pursuant to Federal Rule of Civil Procedure 16(b)(8), a modification of the scheduling order [Doc. 24] entered in this case such that they would be allowed to file a motion for summary judgment within fifteen days of the date the Court rules on the pending motion. No response or opposition to the instant motion has been filed and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2.

For good cause shown, defendants' Motion to Amend Scheduling Order [Doc. 65] is **GRANTED** and defendants shall have fifteen (15) days from the entry of this order in which to file a motion for summary judgment.

**II.     Conclusion**

For the reasons set forth herein, the Court finds as follows:

1. Defendant Steve Lafon's Motion to Strike [Doc. 13] is **DENIED**;

2. Defendant Steve Lafon's Motion for Protective Order With Citations [Doc. 18] is **DENIED**;

3. Plaintiffs' Motion for Extension of Time [Doc. 55] is **GRANTED** and plaintiffs' Motion for Summary Judgment [Doc. 56] will be considered by the Court;

4. Plaintiffs' Motion to Reconsider the Denial of Plaintiffs' Motion for Preliminary Injunction [Doc. 58] is **DENIED as moot**;

5. Defendants' Motion to Toll Defendants' Time to Response to Plaintiffs' Motion for Summary Judgment [Doc. 61] is **GRANTED** and defendants shall have twenty (20) days from the entry of this order in which to file a response to plaintiffs' motion for summary judgment; and

6. Defendants' Motion to Amend Scheduling Order [Doc. 65] is **GRANTED** and defendants shall have fifteen (15) days from the entry of this order in which to file a motion for summary judgment.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE